**IN THE UNITED STATES DISTRICT COURT**

~~LOGGED~~   ~~RECEIVED~~

**FOR THE DISTRICT OF MARYLAND**

FEB 1 5 2019

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY                                   DEPUTY

| | | |
|---|---|---|
| Erien Frazier, | ) | Civil Action No. _ADC 19cv 473_ |
| Plaintiff | ) | |
| Vs. | ) | **DEMAND FOR TRIAL BY JURY** |
| Synchrony Bank, | ) | |
| Defendant | ) | |

## COMPLAINT

Plaintiff, Erien Frazier, individually, hereby sues Defendant, Synchrony Bank for violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 *et al.*

## PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227(b)(1) and 47 U.S.C. § 227(A)(iii).

2. Upon belief and information, Plaintiff contends that these practices are widespread for the Defendant. Plaintiff intends to propound discovery to Defendant identifying these other individuals who have suffered similar violations.

3. In 2012, Interactive Intelligence, Inc. published a guide called TCPA Compliance: Perspectives on Current Technology Options. It was noted that "[c]ompanies may

choose to be 'unknowledgable' of which phone numbers in their lists are for cell phones. It's a risky move...[b]ecause there are so many utilities in the market-place that can help an agency scrub for cell-phones..."[1]

4. Plaintiff contends that the Defendant, Synchrony Bank, has violated federal and state laws by repeatedly harassing Plaintiff and her family in attempts to service an alleged account.

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 47 U.S.C. § 227(b)(3) and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

7. All conditions precedent to the bringing of this action have been performed.

## PARTIES

8. Plaintiff, Erien Frazier, is a natural "person" as defined by 47 U.S.C. § 153(39) and is a resident of the State of Maryland.

9. Upon information and belief, Synchrony Bank (hereafter "Synchrony") is a financial services company located at 170 West Election Road Suite 125 Draper, Utah 84020. Synchrony is a "person" as defined by 47 U.S.C. § 153(39).

---

[1] www.insidearm/wp-content/uploads/20120917-TCPA-Compliance.pdf

10. Does 1-10 (the "Callers") are individuals employed by Synchrony and whose identities are currently unknown to the Plaintiff. One or more of the Callers may be joined as parties once their identities are disclosed through discovery.

11. Synchrony at all times acted by and through one or more of the Callers.

## FACTUAL ALLEGATIONS

12. Around the Spring of 2017, Plaintiff's brother-in-law Reuben Drake purchased a family plan from Boost Mobile, which included the cellphone number (240) 520-6034.

13. On or about October 12, 2018, Synchrony Bank began violating the Telephone Consumer Protection Act (TCPA) by calling the Plaintiff's cell phone (240) 520-6034 using an automatic telephone dialing system and leaving an artificial voice and prerecorded message with no prior permission given by Plaintiff or anyone else.

14. Plaintiff received approximately 109 robo-calls from (844) 416-8051, which resulted in numerous prerecorded messages left by Synchrony Bank. (See Exhibit A).

15. One evening Plaintiff answered one of the calls from Synchrony Bank in which she had to say hello several times before she heard a click, which was followed by a live agent asking to speak to someone named Amanda Socks who isn't the current cellphone subscriber. Plaintiff informed the caller that she didn't know anyone by the of name Amanda Socks.

16. The calls made to (240) 520-6034 were not for an emergency purpose and were made without consent given at any time, express or otherwise, by the Plaintiff or Plaintiff's family.

17. On February 8, 2019, Reuben Drake and his family assigned their legal right to pursue litigation against Synchrony to Plaintiff. See Exhibit B.

18. Plaintiff and Plaintiff's family do not have an established business relationship with Defendant concerning an account associated with cellphone number (240) 520-6034 as defined by 47 U.S.C. § 227(a)(2)(A).

## COUNT 1
### VIOLATIONS OF THE TELEPHONE
### COMMUNICATIONS ACT 47 U.S.C. § 227

19. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 18.

20. At all times mentioned herein and within the last four years, Defendant, Synchrony Bank, has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular service.

21. Defendant, Synchrony Bank, has committed 109 separate violations of 47 U.S.C. § 227 (b)(1)(A) and Plaintiff is entitled to damages of up to $1500 per violation pursuant to 47 U.S.C. § 227 (b)(3)(B).

22. Defendant's repeated calls to Plaintiff's cellphone number (240) 520-6034 were inconvenient, intruding, and disturbing.

4

23. Plaintiff many times had to stop what she was doing to investigate who was calling.

24. Plaintiff was exasperated by the many calls and prerecorded voice mails in her voice mail box.

25. Plaintiff, Plaintiff's niece, nor her parents have ever given Synchrony Bank permission to call their cell phone.

**WHEREFORE,** Plaintiff demands judgment for damages against Synchrony Bank for actual or statutory damages, and punitive damages pursuant to 47 U.S.C. § 227 (G)(3)(B).

**COUNT II**

**VIOLATIONS OF THE MARYLAND TELEPHONE**

**CONSUMER PROTECTION ACT (MTCPA)**

**§14-3201(2), §14-3202**

26. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 25.

27. Defendant, Synchrony, has demonstrated willful or knowing non-compliance with Maryland Code § 14-3201(2), Maryland Code § 14-3202(a) by using an automatic telephone dialing system to call (240) 520-6034, which is assigned to a cellular service.

28. Defendant, Synchrony, has committed 106 separate violations of Maryland Code § 14-3201(2), Maryland Code § 14-3202(a) by calling the Plaintiff's cell phone without prior permission.

29. Plaintiff was disturbed, annoyed, and inconvenienced by the repeated calls and voicemails.

30. Plaintiff is entitled to damages of $500 per violation and treble damages pursuant to

Maryland Code § 14-3202(b).

**WHEREFORE,** Plaintiff demands judgment for damages against Synchrony Bank for actual,

statutory, punitive damages, and attorney's fees pursuant to Maryland Code § 14-3202b.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

31. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 30.

32. The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One

who intentionally intrudes…upon the solitude or seclusion of another, or his private

affairs or concerns, is subject to liability to the other for invasion of privacy, if the

intrusion would be highly offensive to a reasonable person."

33. Maryland further recognizes the Plaintiff's right to privacy by continually harassing the

Plaintiff's right to be free from invasion of privacy, thus Defendant violated Maryland

state law.

34. Defendant intentionally intruded upon Plaintiff's right to privacy by continually

harassing the Plaintiff with numerous calls for someone who was no longer a subscriber

of the cellphone number (240) 520-6034.

35. The telephone calls made by the Defendant to the Plaintiff were so persistent and

repeated with such frequency as to be considered bombarding and an extreme nuisance

to her existence, thus satisfying the *Restatement of Torts, Second* § 652(b) requirement

for an invasion of privacy.

36. The conduct of the Defendant in engaging in the illegal calling activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

37. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages from the Defendant in an amount to be determined at trial.

**WHEREFORE**, the Plaintiff requests actual damages and any other relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Respectfully submitted this December 14, 2019

Erien Frazier

P.O. Box 25

Hagerstown, MD 21741

(410) 262-8690

erienfrazier@gmail.com

7